# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH KELSEY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PHILADELPHIA POLICE DEPARTMENT, et al.** | : | **NO. 17-5199** |
| **Defendants.** | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                    **DECEMBER 28, 2017**

Plaintiff Joseph Kelsey, a prisoner at the State Correctional Institution at Huntingdon, brings this action pursuant to 42 U.S.C. § 1983, in connection with his arrest, prosecution, and conviction in the Philadelphia Court of Common Pleas. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

## I.      FACTS[1]

Plaintiff was arrested in January of 2010 on charges of second degree murder and related offenses. *Commonwealth v. Kelsey*, Docket No. CP-51-CR-0004554-2010 (Phila. Ct. of Common Pleas). He was found guilty by a jury after a February 2014 trial in the Philadelphia Court of Common Pleas, and sentenced to life imprisonment. *Id.* On appeal, the Superior Court affirmed in part and vacated in part plaintiff's judgment of sentence. The Superior Court concluded that plaintiff's convictions were supported by sufficient evidence, but vacated his sentence for robbery because that sentence merged with his sentence for second-degree murder.

---

[1] The following facts are taken from the complaint and the docket for plaintiff's underlying criminal proceeding.

*Com. v. Kelsey*, No. 2083 EDA 2014, 2015 WL 6960355, at *2 (Pa. Super. Ct. June 23, 2015).

The Pennsylvania Supreme Court denied allocatur. Plaintiff unsuccessfully sought post-conviction relief in state court, and his appeal of the order dismissing his post-conviction petition is currently pending. *Commonwealth v. Kelsey*, Docket No. CP-51-CR-0004554-2010 (Phila. Ct. of Common Pleas).

Plaintiff initiated this civil action on November 6, 2017,[2] pursuant to 42 U.S.C. § 1983 against twelve defendants: (1) the Philadelphia Police Department; (2) Detective Thorsten Lucke; (3) the Philadelphia District Attorney's Office; (4) Seth Williams, the former District Attorney for Philadelphia; (5) Geoffrey MacArthur, an Assistant District Attorney; (6) Mark Gilson, an Assistant District Attorney; (7) Anne Ponterio, an Assistant District Attorney listed as Chief of the Homicide Unit; (8) Bridgett Kirm, an Assistant District Attorney; (9) Robin Lamar Gore; (10) Lamont Lester; (11) Thomas L. McGill, Jr., identified as plaintiff's appointed trial counsel; and (12) David S. Rudenstein, identified as plaintiff's appointed PCRA counsel.

Plaintiff alleges that his rights were "intentionally violated when and where [he] was held in pretrial detainment for an egregious amount of time: over four (4) years/approx.. 1,500 days." (Compl. at 3.) He claims that during his pretrial incarceration, he was "exposed to extremely unhealthy living conditions and subjected to an extremely harsh environment." (*Id.*) Turning to his criminal case, he faults the Philadelphia District Attorney's Office and the prosecutors on his case for failing to try the case in a timely fashion, withholding evidence and other "materials," suborning perjury, and "conspir[ing] with and/or assist[ing] to commit fraud upon the court and

---

[2] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint reflects that plaintiff delivered his complaint to prison authorities for mailing on November 6, 2017.

[depriving plaintiff] of a fair trial by removing and/or concealing documents that would have revealed or exposed Detective Thorsten Lucke's lies." (*Id.*) Plaintiff claims that Detective Lucke, Robin Gore, and Lamont Lester all testified falsely at his trial. He also claims that his trial counsel failed to secure evidence or file pretrial motions, and that PCRA counsel failed to meet with him or conduct an investigation into his claims.

Based on those allegations, plaintiff contends that he was denied due process and equal protection of the law, denied effective assistance of counsel, deprived of a fair trial, and subjected to cruel and unusual punishment. He asks this Court to "do something" about the corruption in the Philadelphia Police Department and District Attorney's Office, and for $25 million in damages.

## II.     STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims

---

[3] However, as plaintiff is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b). Despite the Court's initial order, the Court received plaintiff's prison account statement, so he has complied with 28 U.S.C. § 1915(a)(2).

based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.  Plaintiff's Challenges to His Prosecution and Convictions Are Not Cognizable

Plaintiff's claims challenging the constitutionality of his prosecution, conviction, and related imprisonment are not cognizable in a civil rights action. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). As it is apparent from the complaint that plaintiff is challenging convictions and/or imprisonment that have not been invalidated, any claims challenging his prosecution and related convictions and sentence are not cognizable in a civil rights action.

**B. Absolute Prosecutorial Immunity**

Even leaving aside the fact that plaintiff's challenges to his prosecution, conviction, and sentence are not cognizable, plaintiff's claims against the District Attorney and Assistant District Attorneys who prosecuted him are barred by absolute prosecutorial immunity. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). In that regard, "[i]t is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity," or their use of false testimony in connection with a prosecution. *Yarris v. Cty. of Delaware*, 465 F.3d 129, 137-39 (3d Cir. 2006). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). As all of plaintiff's claims against the prosecutors named as defendants are based on conduct that occurred in the course of their prosecutorial capacity, those claims are barred by absolute immunity.

**C. Absolute Witness Immunity**

Again leaving aside the fact that plaintiff's challenges to his prosecution, conviction, and sentence are not cognizable, plaintiff's claims against Detective Lucke, Robin Gore, and Lamont Lester are barred by absolute witness immunity. Individuals are entitled to absolute immunity from claims based on testimony proffered at trial. *See Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983). As plaintiff's claims against defendants Lucke, Gore, and Lamant are based on those individuals' testimony in his criminal case, those defendants are entitled to absolute immunity.

**D.  Claims Against Plaintiff's Attorneys**

In addition to the fact that they are not cognizable, plaintiff's claims against his attorneys fail because court-appointed attorneys are not state actors subject to liability under § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff's court-appointed attorneys are not state actors for purposes of § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted));  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").  Although individuals who are not state actors may be treated as state actors if they act in concert with state officials, plaintiff has not pled sufficient facts to plausibly support such a theory of liability.[4]

**E.  Plaintiff Failed to Plead a Basis for Municipal Liability**

To state a claim against a municipal entity, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  As the complaint does not identify a policy or

---

[4] "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."  *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).  "[A] bare assertion of conspiracy will not suffice."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Nothing in the complaint plausibly suggests that plaintiff's attorneys conspired with state actors to violate his constitutional rights.

custom of the Philadelphia Police Department or the District Attorney's Office, plaintiff has not

pled a claim against those entities. In any event, the Philadelphia Police Department may not be

sued separately from the City of Philadelphia, so it is not an appropriate defendant here. *See* 53

Pa. Cons. Stat. § 16257; *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005).

### F. Claims Based on the Conditions of Plaintiff's Confinement as a Pretrial Detainee are Time-Barred

Although the majority of the complaint focuses on plaintiff's prosecution and conviction,

plaintiff also appears to be raising constitutional claims based on the conditions in which he was

confined as a pretrial detainee between 2010 and 2014. Pennsylvania's two-year statute of

limitations applies to those claims. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S.

384, 387 (2007). The statute of limitations begins to run from the time "the plaintiff knew or

should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc.

v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

Plaintiff knew or should have known of the basis for his claims arising from the conditions of

his pretrial detention at the time he was held in those conditions between 2010 and 2014. As

plaintiff did not file this case until November of 2017, his claims based on his pretrial detention

are time-barred. It is also not clear how any of the named defendants would be responsible for

the conditions of confinement at a City jail. In any event, it appears that plaintiff already filed a

lawsuit based on the conditions of his pretrial confinement, which settled in 2014. *See Kelsey v.

Curran-Fromhold Correctional Facility*, E.D. Pa. Civ. A. No. 12-1635 (ECF No. 7).

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. The Court will

dismiss plaintiff's claims with prejudice, with the exception of any claims barred by *Heck v.

Humphrey*, 512 U.S. 477 (1994), raised against non-immune defendants, which plaintiff may

reassert in a new civil action only after his convictions have been reversed, vacated, or otherwise invalidated. As the defects in plaintiff's claims are not currently curable, plaintiff will not be given leave to file an amended complaint in this matter. An appropriate order follows.