# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH KELSEY,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **PHILADELPHIA POLICE DEPARTMENT, et al.** | : | **NO. 17-5199** |
| Defendants. | : | |

## ORDER

AND NOW, this 28th day of December, 2017, upon consideration of plaintiff's motion to proceed *in forma pauperis* and his *pro se* complaint, it is ORDERED that:

1. Leave to proceed *in forma pauperis* is GRANTED.

2. Plaintiff Joseph Kelsey, #LK-8669, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by plaintiff, an initial partial filing fee of $19.59 is assessed. The Superintendent or other appropriate official at the State Correctional Institution at Huntingdon or at any other prison at which plaintiff may be incarcerated is directed to deduct $19.59 from plaintiff's inmate trust fund account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106, to be credited to Civil Action No. 17-5199. After the initial partial filing fee is collected and until the full filing fee is paid, the Superintendent or other appropriate official at the State Correctional Institution at Huntingdon or at any other prison at which plaintiff may be incarcerated, shall deduct from plaintiff's account, each time that plaintiff's inmate trust fund account exceeds $10, an amount no greater than 20 percent of the

money credited to his account during the preceding month and forward that amount to the Clerk of Court at the address provided above to be credited to Civil Action No. 17-5199.

3. The Clerk of Court is directed to send a copy of this order to the Superintendent of the State Correctional Institution at Huntingdon.

4. The complaint is DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons stated in the Court's Memorandum. Plaintiff may not file an amended complaint in this case. Plaintiff's claims are dismissed with prejudice, with the exception of any claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), raised against non-immune defendants, which plaintiff may reassert in a new civil action only after his convictions have been reversed, vacated, or otherwise invalidated.

5. The Clerk of Court shall CLOSE this case.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**